UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION


FILED
SEP 20 2017
CLERK

| | |
|---|---|
| RICHARD HYLLAND,<br><br>Plaintiff,<br><br>vs.<br><br>RUSSELL FLAUM,<br><br>Defendant. | 4:16-CV-04060-RAL<br><br><br>ORDER GRANTING IN PART MOTION TO CONSOLIDATE |
| VIRGINIA FLAUM,<br><br>Plaintiff,<br><br>vs.<br><br>TRACI HYLLAND, and RICHARD HYLLAND,<br><br>Defendants. | 4:16-CV-04168-RAL |

This case, No. 16-4060, and a related case, No. 16-4168, arise out of an alleged affair between Traci Hylland and Russell Flaum. Traci is married to Richard Hylland.[1] The Hyllands are South Dakota residents but maintain a home in Indian Wells, California. Russell is married to Virginia Flaum. The Flaums are Illinois residents who also maintain a home in Indian Wells, California. Russell and Traci first met at a country club in Indian Wells in late 2014. They

---

[1]This Court makes no conclusive factual findings at this time and draws the facts from this Court's previous order, Civ. No. 16-4060, Doc. 21, as well as the parties' complaints, affidavits, and briefs.

1

started playing tennis together and this progressed to other activities, including going out to eat, attending tennis tournaments, and meeting up in Palm Desert or Beverly Hills, California.

Traci returned to South Dakota on May 17, 2015, but she and Russell continued to communicate through the mail, internet, and telephone. Many of these communications were romantic in nature. In July 2015, Richard mailed a package concerning Russell's relationship with Traci to Virginia, the Flaums' children, and others in Illinois. The package alleged that Traci and Russell engaged in sexual intercourse in California and contained what appeared to be messages Russell sent to Traci then discovered by Richard.

In March 2016, Richard sued Russell in South Dakota state court for alienating the affection of Traci. Russell removed the case to this Court and moved to dismiss for lack of personal jurisdiction. At the hearing on Russell's motion, Richard through counsel acknowledged that he claims that the alienation of affection tort was committed after Traci returned to South Dakota in mid-May of 2015 and that Richard is making no claim in this case that any of the conduct in California supports a cause or action or recovery here. California law does not recognize a claim for alienation of affection. In November 2016, this Court denied Russell's motion to dismiss, finding that personal jurisdiction over Russell existed because Russell intentionally directed his conduct at South Dakota, and because the alleged effects of his conduct were suffered in South Dakota.

In December 2016, Virginia filed a separate lawsuit against Traci in this Court alleging that Traci had alienated Russell's affections in 2015. Civ. No. 16-4168, Doc. 1. Virginia has amended her complaint to add Richard as a defendant and to assert two claims for invasion of privacy against him. Civ. No. 16-4168, Doc. 10. According to Virginia, her alienation of affections claim against Traci and Richard's alienation of affections claim against Russell are

based on the same telephone calls, texts, and emails. Virginia's invasion of privacy claims concern the packages Richard mailed to Illinois. Russell then amended his answer in No. 16-4060 to add a counterclaim against Richard for two counts of invasion of privacy. Civ. No. 16-4060, Doc. 28. Like Virginia's invasion of privacy claims, Russell's invasion of privacy claims concern the packages Richard sent to Illinois.

Russell has moved to consolidate this case, No. 16-4060, with Virginia's case against the Hyllands, No. 16-4168. Civ. No. 16-4060, Doc. 29. Russell argued that the two cases involve common questions of law and fact and that judicial economy would be served by consolidating the cases for all purposes.

The Hyllands then moved for judgment on the pleadings or, alternatively, summary judgment in No. 16-4168. Civ. No. 16-4168, Doc. 16. The Hyllands argued that Illinois law governs all of Virginia's claims, that her claims fail under Illinois law, and that Virginia's invasion of privacy claims are barred by the statute of limitations. Richard filed an opposition to Russell's motion to consolidate in No. 16-4060. Civ. No. 16-4060, Doc. 32. Richard argued that consolidation would prejudice him because Illinois law on alienation of affections is less favorable than South Dakota law.

Virginia then filed a motion in No. 16-4168 asking this Court to either deny or continue the Hyllands' motion for judgment on the pleadings. Civ. No. 16-4168, Doc. 25. Virginia contended that Russell deleted all of the messages Traci sent him, and that Virginia therefore needs discovery to acquire the communications Traci sent to Russell. Virginia argued that this Court should not decide the choice of law issue until the record is more fully developed.

On June 12, 2017, Virginia filed a motion to compel discovery in No. 16-4168, asserting that the Hyllands' responses to Virginia's interrogatories and request for production were

deficient. Civ. No. 16-4168, Doc. 34. Virginia's motion mainly concerned Traci's communications with Russell but also sought some information about Richard's delivery of the packages in Illinois. Among other things, Virginia asked the Hyllands to produce all of the electronic devices they have used since 2015 so that a forensic expert could search them for communications between Traci and Russell. The Hyllands produced an additional 272 pages of documents on June 23, 2017, but Virginia remained unsatisfied with the Hyllands' discovery responses.

On July 13, 2017, Russell filed a motion to compel in No. 16-4060 seeking much of the same information as Virginia's motion to compel in No. 16-4168. Civ. No. 16-4060, Doc. 36. Richard in No. 16-4060 produced the same 272 pages of documents he and Traci produced in No. 16-4168.

I.   **Analysis**

Designed to promote convenience and economy in judicial administration, Rule 42(a) of the Federal Rules of Civil Procedure allows courts to consolidate cases involving "a common question of law or fact." Fed. R. Civ. P. 42(a); see also Enter. Bank v. Saettele, 21 F.3d 233, 235 (8th Cir. 1994). District courts have broad discretion to consolidate cases, although consolidation is not appropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." EEOC v. HBE Corp., 135 F.3d 543, 550–51 (8th Cir. 1998). The moving party bears the burden of showing that consolidation is appropriate. Peters v. Woodbury Cty., 291 F.R.D. 316, 318 (N.D. Iowa 2013).

These two cases clearly involve common questions of law and fact. Richard's alienation of affections claim arises out of the same facts and involves the same evidence as Traci's alienation of affections claim. And Russell and Virginia's claims against Richard for invasion of

privacy are essentially identical. Consolidating No. 16-4060 and No. 16-4168 for purposes of discovery and all other pretrial proceedings will avoid duplicative discovery and motion practice and will not prejudice the Hyllands. At this time, however, this Court will deny without prejudice Russell's motion to consolidate the cases for trial. Richard argued that consolidating the cases will cause him prejudice because the jury will not be able to apply the different standards for alienation of affections under South Dakota and Illinois law. This Court has not decided which state's law governs Virginia's claims and will not do so until it has held a joint hearing on the Hyllands' motion for judgment on the pleadings, Virginia's motion to deny or continue the Hyllands' motion for judgment on the pleadings, and the motions to compel in each case. Once this Court has decided the choice of law issue, Russell may renew his motion to consolidate the cases for trial. See Braddock v. Frontera Produce, Ltd., 2014 WL 1411764, at *2–3 (D. Neb. Apr. 11, 2014) (consolidating cases for discovery purposes but denying the motion to consolidate the cases for trial without prejudice to the moving party refiling the motion at a later time); Groh v. State Farm Mut. Ins. Co., 2011 WL 13680, at *2 (S.D. Ohio Jan. 3, 2011) (same).

## II.  Conclusion

For the reasons stated above, it is hereby

ORDERED that Russell's motion to consolidate, Civ. No. 16-4060, Doc. 29, is granted in part. Case No. 16-4060 is consolidated with Case No. 16-4168 for purposes of discovery and all other pretrial proceedings. Until and unless the Court orders otherwise, all future pleadings should bear the caption listed on this order and be filed in both cases. To the extent Russell's motion seeks to consolidate the cases for trial, this Court denies the motion without prejudice to refiling at a later time. It is further

ORDERED that counsel for the Flaums and counsel for the Hyllands cooperate with this Court's judicial assistant in setting a hearing on the pending motions in No. 16-4060 and No. 16-4168.

DATED this 20th day of September, 2017.

BY THE COURT:

*Roberto A. Lange*
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE